# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| RESTORATION MINISTRIES ATM, INC. ) <br> M. STEPHEN MCGILL, SR AND TERESA ) <br> Y. BROWN ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> CAPITAL CITY BANK & TRUST ) <br> COMPANY, Individually and severally, ) <br> FIRST-CITIZENS BANK & TRUST ) <br> COMPANY, STOKES CARMICHAEL & ) <br> ERNST LLP, Individually and severally, ) <br> WILLIAM K. CARMICHAEL, Individually & ) <br> Severally, THOMAS V. KEOUGH, Individually ) <br> & severally ) <br>   ) <br> Defendants. ) <br>   ) | CIVIL ACTION FILE <br> NO: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and expressly reserving all rights otherwise to respond to this action, Defendants First-Citizens Bank & Trust Company ("FCB"), Capitol City Bank & Trust Company ("Capitol City"), Stokes Carmichael & Ernst LLP ("SCE"), William K. Carmichael ("WKC"), and Thomas V. Keough ("TVK") (collectively, "Defendants"), by and through their undersigned counsel, hereby remove the above-captioned case from the Superior Court of Muscogee County, Georgia, Civil Action No. SU16CV1651-68, to the United States

District Court for the Middle District of Georgia, Columbus Division.  Removal is based upon federal question jurisdiction because Plaintiffs have asserted claims and grounds based upon various federal laws and statutes and the U.S. Constitution.  As grounds for removal, Defendants state as follows:

I. **NATURE OF THE ACTION**

**Background**

1.

This action commenced via Defendants Capitol City and FCB's counsel's receipt of a Complaint on June 6, 2016, which was emailed to said counsel by counsel for Plaintiffs Restoration Ministries ATM, Inc. ("Restoration"), M. Stephen McGill, Sr. ("MSM"), and Teresa Y. Brown ("TYB")  (collectively, "Plaintiffs"). Said Complaint was entitled "Complaint for Interlocutory Injunction," listed a venue of the Superior Court of Muscogee County, Georgia, listed no case number, and asserted only a claim for interlocutory injunction against Defendants Capitol City and FCB (the "First Complaint").  Later on that same day, at 4:24 p.m. on June 6, 2016, Plaintiffs filed a Complaint For Damages and For an Interolcatory [sic] Injunction Against Foreclosure and Summons in the same court under Civil Action No. SU16CV1651-68, asserting a claim for interlocutory injunction as well as several additional claims against Defendants Capitol City, FCB, SCE, WKC and TVK  (the "Second Complaint").

2.

Defendants have yet to be properly served with the First or Second Complaint.[1] However, Defendants' counsel and individual Defendant, WKC, was notified by telephone and email (on June 3 and June 4, 2016) of Plaintiff's counsel's intent to file the First Complaint and of the hearing for injunction that would result from same on June 6, 2016 at 4:15 p.m in the Superior Court. Defendants received a copy of the First Complaint on June 6, 2016, prior to the hearing. Defendants' counsel, WKC, was handed a copy of the Second Complaint during the course of the interlocutory injunction hearing in Superior Court at approximately 4:45 p.m. on June 6, 2016. The copy of the Second Complaint received by Defendants did not include the exhibits referenced therein. The First Complaint contains no claims or grounds based upon federal law claims, but the Second Complaint asserts several claims and grounds based upon the U.S. Constitution, federal statutes, and federal law. The First and Second Complaint are included in **Exhibit A** to this Notice.

3.

This case arises from Defendant FCB's attempted foreclosure upon several parcels of real estate owned by the Plaintiffs, which was advertised and set to occur

---

[1] However, Defendants have acknowledged service of process including the Second Complaint in their contemporaneously filed Joint Answer to Plaintiffs' Complaint for Damages and for an Interlocutory Injunction Against Foreclosure and Counterclaim ("Answer and Counterclaim").

on June 7, 2016. Defendant FCB, as successor to Capitol City, the judgment creditor of Plaintiffs, was selling such real estate to partially satisfy the judgment issued to Capitol City against Plaintiff Restoration by the State Court of Muscogee County, Georgia. Capitol City obtained such judgment pursuant to Plaintiffs' default on various loan agreements, including loans, guarantees, and forbearance agreements – with such default originally occurring in 2012 and again in 2014, on the forbearance agreements. The loan documents, originally executed between Plaintiffs and FCB's predecessor-in-interest Capitol City, were assigned to FCB on February 23, 2015 (pursuant to a purchase and assumption agreement), by the Federal Deposit Insurance Corporation ("FDIC") following the FDIC's closure of Capitol City. The State Court of Muscogee County, Georgia issued judgments in favor of Capitol City and against Defendants MSM and TYB on August 12, 2015, and against Defendant Restoration on May 10, 2016, in Case No. SC14CV1012.

4.

The State Court judgment against Restoration was issued at a later date because after the commencement of the action and during the course of the litigation in the State Court, Restoration filed for Chapter 11 bankruptcy in the United States Northern District of Georgia, Atlanta Division on January 6, 2015. Such filing resulted in a stay of the proceedings against Restoration in the State Court. During the course of the bankruptcy proceedings, Restoration had multiple opportunities to

reorganize and even proposed a Plan that the Bankruptcy Court confirmed, but Restoration defaulted on the Plan. Ultimately, the Bankruptcy Court dismissed Restoration's bankruptcy action for cause and with prejudice by order entered on February 23, 2015, because of Restoration's bad faith in conducting the bankruptcy and in defaulting on the Plan. After the bankruptcy dismissal, Capitol City obtained the judgment against Restoration.

5.

On the Plaintiffs' commencement of this action, the Superior Court held a hearing on June 6, 2015, concerning the request for temporary injunction against Defendants Capitol City and FCB. At this hearing, Defendants Capitol City and FCB presented the Superior Court with a Bench Brief opposing Plaintiffs' request for temporary injunction, which was served upon Plaintiffs by hand in open court. Further, all parties presented argument at such hearing, as well as evidence, and Plaintiffs were permitted to present witnesses for testimony (Defendants were not permitted to present witness testimony). At the conclusion of such hearing, the Court issued an oral order enjoining Defendants Capitol City and FCB from taking further action to foreclose upon the real estate at issue for 22 days, or until June 28, 2016, with the caveat that such injunction would expire if Plaintiffs failed to provide proof of insurance by noon on June 13, 2016. Said oral injunction order was issued

in writing by the Superior Court on June 8, 2016, and an exact copy of same is included in **Exhibit A** hereto.

## Claims and Grounds At Issue

6.

Plaintiffs' First Complaint asserts a claim only against Defendants Capitol City and FCB (and did not include allegations or claims against SCE, WKC or TVK). (Ex. A, First Compl.). The First Complaint asserts the lone claim of a request for an interlocutory injunction and cites the standard of O.C.G.A. § 9-11-65 as the basis for the imposition of same. (Id.). In so doing and as proof of its entitlement to same, Plaintiffs alleged facts related to the pending real estate foreclosure, underlying loans and facts related to Plaintiffs' alleged harm that would ensue without such an injunction. (Id. at p. 1-6). In the First Complaint, Plaintiffs also asserted and referenced a forthcoming complaint against "Defendants and their attorneys alleging, *inter alia*, fraud, bad faith, violation of the Georgia Fair Lending Act, lack of standing to bring a foreclosure pursuant to Georgia law, violations of the Georgia Uniform Commercial Code, punitive damages, stubborn litigiousness, a request for costs and attorney's fees, and for equitable relief." (See, e.g., Id. at ¶5). Plaintiff's First Complaint makes no reference to constitutional or federal law or claims pursuant to same. (Id. at p. 1-6). However, a cursory facial review of the Second Complaint makes clear that federal constitutional and federal statutory

claims are Plaintiffs' basis for this action. (Ex. A, Second Compl.).

7.

In the Second Complaint, Plaintiffs assert multiple claims and grounds for claims based upon federal laws and statutes and the U.S. Constitution, including:

(1) claims under the Real Estate Settlement Practices Act ("RESPA") (12 U.S.C. § 2614, et seq.) (See, e.g., Second Compl. at ¶15);

(2) claims for fraud on the federal bankruptcy court that handled Defendant Restoration's Chapter 11 bankruptcy filing, namely the United States Northern District of Georgia, Atlanta Division (Id. at p. 1 & ¶¶16-24);

(3) claims under the U.S. Constitution related to regulations from the House Oversight Committee (Id. at ¶¶41-45);

(4) claims under the Home Affordable Modification Program ("HAMP") (12 U.S.C. § 5219a) (Id. at ¶¶41-42);

(5) claims under the Truth in Lending Act ("TILA") (15 U.S.C. § 1601 et seq.; 12 C.F.R. § 226, et seq.) (Id. at p. 2 & ¶¶42-43);

(6) claims under the Federal Trade Commission Act ("FTCA") (15 U.S.C. § 41, et seq.) (Id. at p. 2 & ¶42);

(7) claims under the Home Ownership & Equity Protection Act ("HOEPA") (15 U.S.C. § 1639 et seq.; 12 C.F.R. § 226.32) (Id. at ¶¶42-43);

(8) claims under the Civil False Claims Act ("FCA") (31 U.S.C. § 3729-3733) (Id. at p. 2 & ¶¶42-43);

(9) civil claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1961, et seq.) (Id. at p. 2 & p. 64, Count 4);

(10) claims under "other Federal and state laws designed to prevent unfair, discriminatory or predatory lending practices" (Id. at ¶42); and

(11)   claims under "Federal criminal laws involving fraud" (Id. at ¶42).

The Second Complaint also asserts claims and grounds for claims based on Georgia state law that are based upon the same allegations of improper behavior by Defendants related to the pending foreclosure, underlying loan documents, judgment and bankruptcy proceedings.  (Id.).

## II.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

8.

Defendants received a copy of both the initial pleading, the First Complaint, and the second pleading, the Second Complaint, on June 6, 2016.  As such, this Notice of Removal is timely because it is filed within thirty days after Defendants received the Second Complaint, the complaint containing grounds for removal based on federal question jurisdiction.[2]  28 U.S.C. § 1446(b)(3) ("[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading…or other paper from which it may be first ascertained that the case is one which is or has become removable.").

---

[2] Defendants have also filed this Notice of Removal within 30 days of receipt of a copy of the initial pleading, the First Complaint, received on June 6, 2016. Therefore, Defendants timely filed this Notice of Removal even if such initial pleading was removable.  See 28 U.S.C. § 1446(b)(1).

9.

Although Plaintiffs have not perfected proper service of process of their underlying pleadings, Defendants have attached a complete copy of all pleadings, motions and orders filed in this case as **Exhibit A**, to ensure they satisfy the statutory removal requirements related to same.  See 28 U.S.C. § 1446(a) (requiring the removing party to include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.").[3]

10.

Defendants have not filed a responsive pleading to the First Complaint or the Second Complaint.  Defendants reserve their right to assert all rights, claims, counterclaims and defenses of any nature in response to the First Complaint and/or the Second Complaint, including, but not limited to, defenses related to service of process, jurisdiction, and failure to state a claim.

11.

Venue for this action lies in the United States District Court for the Middle District of Georgia, Columbus Division, because this district and division embrace Muscogee County, Georgia, where the civil action was pending.  28 U.S.C. §

---

[3] The filing of Exhibit A does not waive Defendants' right to object to the pleadings contained therein on the basis of improper service, or on the basis of other defenses, and Defendants reserve the right to assert all such arguments and defenses.

1441(a); 28 U.S.C. § 90.

12.

All parties named as Defendants in this action, although not properly served,[4] jointly file this Notice of Removal and consent to removal to the United States District Court for the Middle District of Georgia, Columbus Division.

13.

Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon Plaintiffs and filed with the Clerk of the Superior Court of Muscogee County, Georgia.  An exact copy of the notice to be filed with the Superior Court of Muscogee County, Georgia, regarding the Notice of Removal is attached hereto as **Exhibit B**.

### III.   THIS COURT HAS FEDERAL QUESTION JURISDICTION

14.

This Court has original, federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the resolution of Plaintiffs' claims will require adjudication of a disputed question of federal law.  28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

---

[4] Again, Defendants have acknowledged service of process including the Second Complaint in their contemporaneously filed Answer and Counterclaim.

15.

Specifically, this Court has original, federal question jurisdiction over this action because several of Plaintiffs' claims and the grounds for same alleged in the Second Complaint arise under federal laws and statutes and the U.S. Constitution as described above, including RESPA, alleged fraud on a federal bankruptcy court, alleged U.S. Constitutional violations pursuant to the House Oversight Committee, HAMP, TILA, FTCA, FCA, RICO, other federal laws preventing unfair, discriminatory or predatory lending practices, and federal criminal laws against fraud. (See ¶7, supra; Ex. A, Second Compl.). A cursory, facial review of the Second Complaint indicates that such federal and constitutional claims are pled as the basis for Plaintiffs' claims and as independent causes of action, satisfying Defendants' burden of demonstrating federal question jurisdiction is present here. Lee v. Flue-Cured Tobacco Co-op. Stabilization Corp., No. 7:07-cv-82-HL, 2007 WL 3286397, *6 (M.D. Ga. Nov. 6, 2007), citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

16.

Further, courts (including the Eleventh Circuit) have specifically held that the assertion of claims for relief pursuant to RESPA, HAMP, TILA, FCA, and RICO, laws of the United States enacted by Congress and all asserted by Plaintiffs here, grant a district court original jurisdiction over the action. Boone v. JP Morgan Chase

Bank, 447 Fed. Appx. 961, 962-63 (11th Cir. 2011) (holding removal to federal court of borrower's state court action against lender and company hired by lender to handle non-judicial foreclosure proceedings, alleging violations of TILA, RESPA as well as the Fair Debt Collection Practices Act and various state laws, was proper as court had original subject-matter, federal question jurisdiction over federal law claims and supplementary jurisdiction over all state law claims as they arose from the same factual nucleus); Fabre v. Bank of America Bank, NA, 523 Fed. Appx. 661, 662-64 (11th Cir. 2013) (federal question jurisdiction existed, such that removal was appropriate, where borrower's complaint asserted claims related to bank's non-judicial foreclosure of his home and raised violations of RESPA as well as the Fair Debt Collection Practices Act); Tonea v. Bank of America, N.A., 6 F. Supp. 3d 1331, 1334-35, 1340 (N.D. Ga. 2014) (mortgagor's complaint challenging defendant bank's pending non-judicial foreclosure and sale of his residence raised federal questions on the face of the complaint, and motion to remand was denied, where complaint referenced the U.S. Constitution, RESPA, HAMP, TILP as well as the Fair Debt Collection Practices Act in a "rambling shotgun pleading" format); Brock v. Thomas, 782 F. Supp. 2d 133, 139-40 (E.D. Pa. 2011) (district court had federal question jurisdiction over plaintiff's RICO and RESPA claims against credit solutions company, and supplemental jurisdiction over plaintiff's state law quiet title claims, where his RICO and RESPA claims arose under federal law, and his state

law claims shared common nucleus of operative fact with those federal claims, and court had concurrent jurisdiction over claims that related to a prior bankruptcy proceeding); U.S. ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd., 110 F.3d 861, 861-68 (2d Cir. 1997) (holding federal district court had subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331, over action brought for violations of the FCA).

17.

Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a). See Wisc. Dept. of Corrections v. Schacht, 524 U.S. 381, 386 (1998) ("We have suggested that the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal."); see also Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 891 (11th Cir. 2013) ("Where a plaintiff's well-pleaded complaint alleges a cause of action arising under federal law, subject matter jurisdiction exists for a federal court to determine whether the allegations entitle him to relief.").

18.

Additionally, to the extent that the Second Complaint alleges statutory, state law or other non-federal claims, this Court has supplemental jurisdiction over any such claims under Plaintiffs' eleven separate federal acts, statutes, laws and constitutional claims listed in Plaintiffs' Second Complaint because the state/non-

federal claims "arise out of a common nucleus of operative fact" with Plaintiffs' federal claims. Boone, 447 Fed. Appx. at 963; Brock, 782 F. Supp. 2d at 139; see also 28 U.S.C. § 1367(a) (in any action where a district court has original jurisdiction, the court also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). The federal and state claims at issue here share same the common nucleus of facts as they are all based on Plaintiffs' allegations of improper behavior by Defendants related to the pending foreclosure, underlying loan documents, judgment and bankruptcy proceedings. (Ex. A, Second Compl.). As such, this Court has original jurisdiction over Plaintiffs' alleged federal law claims and supplemental jurisdiction over their alleged state law claims, and thus has jurisdiction over this entire action. See Boone; Brock; 28 U.S.C. § 1367(a).[5]

19.

Because this Court will have to interpret RESPA, alleged fraud on a federal bankruptcy court, alleged U.S. Constitutional violations pursuant to the House Oversight Committee, HAMP, TILA, FTCA, FCA, RICO, and other federal laws preventing unfair, discriminatory or predatory lending practices, and federal

---

[5] Further, the claims at issue do not create severability issues under 28 U.S.C. § 1441(c)(2), as they are subject to either the original or supplemental jurisdiction of this Court, and therefore do not meet the requirements of 28 U.S.C. § 1441(c)(1)(B).

criminal laws against fraud, to determine the validity of Plaintiffs' claims and Defendants' liability under claims asserting or based upon same, this entire cause of action is removable under 28 U.S.C. § 1441(a) & (c) and 28 U.S.C. § 1367(a).

## IV.  CONCLUSION

Based on the foregoing, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and 1367, and this case is removable to this Court pursuant to 28 U.S.C. § 1441, 1446.  Therefore, Defendants file this Notice of Removal and remove the civil action to the United States District Court for the Middle District of Georgia, Columbus Division.

This 21st day of June, 2016.

STOKES CARMICHAEL & ERNST LLP

| | |
|---|---|
| 80 Peachtree Park Drive, N.E., | By: /s/William K. Carmichael |
| Atlanta, Georgia 30309-1320 | William K. Carmichael |
| Phone: (404) 352-1465 | Georgia Bar No. 110600 |
| Fax: (404) 352-8463 | Thomas V. Keough |
| SCE File No. 15-03662 | Georgia Bar No. 415745 |
| wkc@scelaw.com | Laurel Creek Spainhour |
| tvk@scelaw.com | Georgia Bar No. 221577 |
| lcs@scelaw.com | Attorneys for Defendants |

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| RESTORATION MINISTRIES ATM, INC. ) <br> M. STEPHEN MCGILL, SR AND TERESA ) <br> Y. BROWN ) <br> ) <br>     Plaintiffs, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> CAPITAL CITY BANK & TRUST ) <br> COMPANY, Individually and severally, ) <br> FIRST-CITIZENS BANK & TRUST ) <br> COMPANY, STOKES CARMICHAEL & ) <br> ERNST LLP, Individually and severally, ) <br> WILLIAM K. CARMICHAEL, Individually & ) <br> Severally, THOMAS V. KEOUGH, Individually ) <br> & severally ) <br> ) <br>     Defendants. ) <br> _____ ) | CIVIL ACTION FILE <br> NO: _____ |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of June, 2016, I served a copy of the foregoing **Notice of Removal** via Federal Express, overnight delivery, costs pre-paid, and by U.S. Mail on the following:

    Charles W. Miller
    Charles W. Miller, P.C.
    5734 Windsor Drive, Bldg. 6
    Columbus, GA 31909
    (706) 565 – 7795
    Counsel for Plaintiffs

Louise T. Hornsby
Promenade Park
3915 Cascade Rd. SW
Atlanta, GA 30331
404-505-0777
Counsel for Plaintiffs


This 21st day of June, 2016.

                            STOKES CARMICHAEL & ERNST LLP

| | |
|---|---|
| 80 Peachtree Park Drive, N.E., | By: /s/William K. Carmichael |
| Atlanta, Georgia 30309-1320 | William K. Carmichael |
| Phone: (404) 352-1465 | Georgia Bar No. 110600 |
| Fax: (404) 352-8463 | Thomas V. Keough |
| SCE File No. 15-03662 | Georgia Bar No. 415745 |
| wkc@scelaw.com | Laurel Creek Spainhour |
| tvk@scelaw.com | Georgia Bar No. 221577 |
| lcs@scelaw.com | Attorneys for Defendants |