# EXHIBIT A

## IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| RESTORATION MINISTRIES A.T.M., INC., M. STEPHEN MCGILL, SR. and TERESA Y. MCGILL | * * * * | |
| **Plaintiff,** | * * | |
| v. | * * | CIVIL ACTION FILE NO._____. |
| CAPITOL CITY BANK & TRUST COMPANY, individually and severally, and FIRST-CITIZENS BANK & TRUST COMPANY, | * * * * * | |
| **Defendants.** | * * | |

## COMPLAINT FOR INTERLOCUTORY INJUNCTION

COME NOW RESTORATION MINISTRIES A.T.M., INC ("RMI")., M. STEPHEN MCGILL, SR.("M. MCGILL") and TERESA Y. MCGILL (T. MCGILL"), Plaintiffs in the above-styled action and, pursuant to O.C.G.A. § 9-11-65 (b) and Uniform Superior Court Rule 6.7, bring this Complaint for an Interlocutory Injunction and shows this Honorable Court as follows:

1.

Defendant Capitol City Bank & Trust Company ("CCB") is a failed Georgia banking corporation allegedly taken over by the Federal Deposit Insurance Corporation ("FDIC") and allegedly transferred to First-Citizens Bank & Trust Company, a North Carolina banking corporation ("FCB") whose principal office is located at 4300 Six Forks Road, FCC22, Raleigh, North Carolina. FCB is registered as a foreign profit corporation in Georgia and its registered agent for service in Georgia is CT Corporation.

2.

FCB has been given actual notice of this hearing by counsel for the Plaintiffs Charles W. Miller by telephone conversations with FCB's counsel of record William Carmichael on Friday, June 3, 2016 and Saturday, June 4, 2016 as well as by e-mails, copies of which are attached hereto as Exhibit "A" and made a part hereof.

3.

Defendant FCB conducts business in Columbus, Muscogee County, Georgia, and it and allegedly CCB have recently filed notices of foreclosure on Plaintiffs and advertised same in the local legal organ the Columbus Ledger-Enquirer.

4.

Jurisdiction and venue are proper on Defendants.

5.

Concurrent with the filing of this Complaint for an Interlocutory Injunction Plaintiffs have filed a Complaint against the Defendants and their attorneys alleging, *inter alia*, fraud, bad faith, violation of the Georgia Fair Lending Act, lack of standing to bring a foreclosure pursuant to Georgia law, violations of the Georgia Uniform Commercial Code, punitive damages, stubborn litigiousness, a request for costs and attorneys' fees, and for equitable relief.

## SUMMARY

6.

Reference is made to such complaint for a detailed statement of the facts and law regarding this matter. What follows is a brief summary, which does not fully set forth the facts and law in the complaint.

7.

RMI is a local church with approximately 400 members. RMI's main sanctuary is located at 8001 Airport Thruway in Columbus, Georgia. RMI also operates a school at its sanctuary for approximately 40 children. RMI also owns real property used as a home by M. MCGILL and T. MCGILL and located at 6648 Woodberry Court, Columbus, Georgia 31904 ("Residence"). RMI also owns vacant lots in Columbus, Georgia located at 2421 Victory Drive, 5001 Forrest Road, 5021 Forrest Road, and 2599 Regency Drive ("Vacant Lots"). The Sanctuary, Residence and vacant Lots are sometimes hereinafter collectively referred to as the "Real Property".

8.

Plaintiffs and Defendant CCB had a long-standing business relationship in the form of loans and other banking activity. Defendants allege that they have proper notes and security deeds allowing them to foreclose on the Real Property. Plaintiffs have filed their separate complaint disputing the Defendants' rights to do so. A full recitation of the charges in Plaintiffs' complaint would be too lengthy for the purpose of this brief but it is important to note that such complaint raises serious questions regarding the propriety of CCB's prior actions, the standing of FCB to actually proceed with the foreclosures, and numerous allegations of fraud and bad faith.

9.

Should Plaintiffs prove their allegations then any foreclosure by the Defendants would clearly be wrongful and Plaintiffs, as alleged in their separate complaint, would suffer irreparable harm as a result and could not be made whole by mere money damages due to the unique nature of the Real Estate.

10.

T. MCGILL is currently being treated for Lupus, Multiple Sclerosis, Ulcerated Colitis, and Osteoporosis. T. MCGILL undergoes chemo injections and numerous medications. Her condition renders her a virtual invalid and she is usually unable to leave her home.

11.

Due to the pending foreclosure the Plaintiffs hired Charles W. Miller on June 3, 2016 to assist with this matter. The Plaintiffs have separately hired attorneys Louise Hornsby and Charles brooks to file their complaint against the Defendants and their counsel.

12.

Mr. Miller and Defendants' attorney Mr. Carmichael made good faith attempts to reach a solution to these issues and stop the pending foreclosures but unfortunately were unable to do so, thus necessitating this action.

## CITATION OF AUTHORITY AND ARGUMENT

Pursuant to O.C.G.A. § 9-11-65, the Georgia Civil Practice Act allows for the granting of injunctions and restraining orders. In the present case, the non-moving party was given actual notice of this hearing and this matter is properly before this Court.

## STANDARD FOR GRANTING AN INTERLOCUTORY INJUNCTION

In Bishop v. Patton, 288 Ga 600, 706 S.E. 2d 634 (2011), the Georgia Supreme Court, in distinguishing a permanent injunction from an interlocutory injunction, held that "an interlocutory injunction, by contrast, is a temporary remedy designed to preserve or restore the status quo and keep the parties from injuring one another until the court has had a chance to try the case." Citing Chambers v. Peach County, 268 Ga 672, 492 S.E. 2d 191 (1997).

In Bishop, supra and in Jansen-Nichols v. Colonial Pipeline Co., 295 Ga 786, 764 S.E. 2d 361 (2014) the Georgia Supreme Court provided a four factor test to be used as guidance for determining when an interlocutory injunction is appropriate. Specifically, the Court said:

"In exercising [its] discretion, a trial court generally must consider whether:

(1) there is a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (2) the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the party being enjoined; (3) there is a

substantial likelihood that the moving party will prevail on the merits of her claims at

trial; and (4) granting the interlocutory injunction will not disserve the public interest.

Further, in SRB Inv. Svcs. v. Branch Banking and Trust Co., 289 Ga. 1, 5(3), 709 S.E.2d

267 (2011) the Georgia Supreme Court further stated that one seeking interlocutory injunctive relief

need not always "prove all four of these factors," id. at 5(3), n. 7, 709 S.E.2d 267.

A careful read on the standards for granting an interlocutory injunction along with the facts

in the present case show that an interlocutory injunction meets all four tests and should be granted.

### HARM TO MOVING PARTY
**An interlocutory injunction should be granted because Plaintiff will suffer imminent
harm if the foreclosure is not enjoined.**

The first part of the four part test is whether there is a substantial threat that the moving

party will suffer irreparable injury if the injunction is not granted. This is generally considered the

most important of the four factors.  It is beyond question that if Plaintiffs' Real Property is sold by

Defendants prior to a final adjudication of the underlying case Plaintiffs will suffer irreparable harm

because Georgia courts have held that all real property is unique.  Plaintiffs could not be made

whole by monetary damages and there is a substantial risk that the Defendants might sell the Real

Property at a disadvantageous price thus not only causing Plaintiffs to lose the Real Property but

leaving additional alleged debt to Defendants to address.

Furthermore if the foreclosure proceeds then RMI will find itself without a sanctuary to hold

services in and the children will have no school to attend on the same conditions they now have.  Of

even greater consequence is the fact that T. MCGILL will be forced from her home.  Due to her

severe medical conditions this could wreak a devastating effect on her and greatly endanger her

health and well-being even more.

For these reasons it is apparent that Plaintiffs will suffer great and irreparable harm if the

foreclosures proceed.

## IRREPARABLE HARM TO NON-MOVING PARTY
**An interlocutory injunction should be granted because the only harm to the Defendants will be a delay in payment of the alleged indebtedness, if found valid, and Defendants will continue to accrue interest and other costs during such time.**

The second part of the test examines whether the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the enjoined party. The Defendants will not suffer irreparable harm if the interlocutory injunction is granted because at worst the effect will be a delay in enforcing their alleged rights to foreclose on the Real Property.  Such right will still exist if Defendants prevail in the underlying case.

Furthermore, the Defendants will continue to accrue interest and possibly other fees during such delay which will protect their alleged interest in the Real Property.  Plaintiffs will continue to keep the Real Property insured against loss and will pay property taxes.

The grant of the injunction in this matter therefore will not cause the Defendants to suffer any substantial harm, if any, whereas the Plaintiff will suffer irreparable harm if such injunction is not granted.

## LIKELIHOOD OF PREVAILING ON THE MERITS
**The current injunction should be granted because the Plaintiff has pled facts and counts which if proven make it likely that Plaintiff will prevail at trial on the merits.**

The third part of the test provides that there is a substantial likelihood that the moving party will prevail on the merits of "his" claims at trial.

Although Georgia requires merely notice pleading the Plaintiff has pled facts and cited particular evidence, which if proven, will not only defeat Defendants "rights' to foreclose on the Real Property but will result in a large monetary judgment against Defendants.

The facts will show that the Defendants, through a pattern of actions, acted to deprive Plaintiffs of their property and took advantage of Plaintiffs. The facts will show that Defendants employed scare tactics, fraud and illegal threats, both directly and through surrogates, to frighten Plaintiffs and prevent them from acting to pay back the alleged loans.

These actions, if proven, will show fraud, collusion, bad faith and a host of other actions by Defendants such that a judge or jury is most likely to rule for Plaintiff.

Accordingly the grant of the interlocutory injunction is highly appropriate given the Plaintiffs' chance of success in the underlying complaint.

## DISSERVICE TO THE PUBLIC INTEREST
### The interlocutory injunction should be granted because it is in the public interest to protect individuals and businesses from unscrupulous and illegal lending practices.

The fourth part of the test for granting the interlocutory injunction examines whether it will disserve the public interest. In the case at hand, granting the injunction will in fact serve the public interest in that it will act as a deterrent to lending institutions from engaging in unscrupulous, predatory and illegal lending practices. If lenders like the Defendants are foiled in their attempts to take advantage of those less sophisticated it will have a positive effect on the public interest and help protect those who cannot otherwise protect themselves from such institutions and practices.

Accordingly the interlocutory injunction should be granted.

**WHEREFORE,** Plaintiff prays that the Court:

(a)     grant Plaintiff's request for an interlocutory injunction against Defendants;

(b)     prohibit Defendants from foreclosing on Plaintiffs' Real Property or taking any actions against any of Plaintiffs' other real or personal property until such time as the merits of the underlying complaint are decided;

(c)     for all costs of this action, plus reasonable attorney's fees; and

(d)     for all other relief this Honorable Court may deem just and proper.

CHARLES W. MILLER
Attorney for Defendants
Georgia Bar Number: 506425

Charles W. Miller, P.C.
5734 Windsor Drive, Bldg. 6
Columbus, Georgia 31909
(706) 565-7795

**General Civil Case Filing Information Form (Non-Domestic)**

Court
☑ Superior
☐ State

County *Muscogee*     Date Filed _____ *JUN -6 PM 4:24*
Docket # *CV16CV1651-68*     MM-DD-YYYY

FILED IN OFFICE
M. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

Plaintiff(s)

*Restoration Ministries ATM* 12733127
Last   First   Middle I.   Suffix Prefix   Maiden

*McGill Stephen* 1218TTT7
Last   First   Middle I.   Suffix Prefix   Maiden

*Brown, Teresa* 12733160
Last   First   Middle I.   Suffix Prefix   Maiden

_____
Last   First   Middle I.   Suffix Prefix   Maiden

Defendant(s)

*Capital City Bank & Trust Co* 10684
Last   First   Middle I.   Suffix Prefix   Maiden

*First Citizens Bank & Trust* 12733149
Last   First   Middle I.   Suffix Prefix   Maiden

*Stokes, Carmichael, Ernest UP* 12733112
Last   First   Middle I.   Suffix Prefix   Maiden

*Carmichael, William K,* 12733194
Last   First   Middle I.   Suffix Prefix   Maiden

*Keough, Thomas V.* 12733208
Last   First   Middle I.   Suffix Prefix   Maiden

No. of Plaintiffs **3**          No. of Defendants **5**

Plaintiff/Petitioner's Attorney          ☐ Pro Se

*Hornsby, Louise Tr* 12733216
Last   First   Middle I.   Suffix

Bar # **367800**

**Check Primary Type (Check only ONE)**

☑ Contract/Account

☐ Wills/Estate

☑ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☑ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☑ Other, General Civil (Specify) *Rico (Civil)*
*Violation of GA Laws*

**If Tort is Case Type:**
**(Check no more than TWO)**

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other (Specify) _____

_____

**Are Punitive Damages Pleaded?** ☒ Yes ☐ No

☐ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY FILED IN OFFICE
STATE OF GEORGIA

2016 JUN -6  PM 4:24

RESTORATION MINISTRIES A.T.M. , INC.,   *
M. STEPHEN MCGILL,  SR and TERESA Y   *
BROWN,                                                        *               M. LINDA PIERCE
     Plaintiff,                                               *               MUSCOGEE COUNTY
                                                                    *        CIVIL ACTION  SUPERIOR COURT
                                                                    *        FILE NO. 5U16CV1651-68
vs.                                                                 *
                                                                    *
CAPITAL CITY BANK & TRUST COMPANY,  *
Individually and severally, FIRST CITIZENS   *
BANK &TRUST COMPANY, STOKES,             *
CARMICHAEL & ERNST  LLP. Individually,   *
and severally, WILLIAM K. CARMICHAEL,   *
Individually  & severally, THOMAS V.          *
KEOUGH, Individually & severally                *
                                                                    *
     Defendants.                                              *
                                                                    *
                                                                    *

## COMPLAINT FOR DAMAGES AND FOR
## AN INTERLOCATORY INJUNCTION AGAINST FORECLOSURE

### I
### PRELIMINARY STATEMENT AND INTRODUCTION

COMES NOW, RESTORATION MINISTRIES A.T.M. INC. , M. STEPHEN MCGILL, SR. and TERESA Y. BROWN, the Plaintiffs in the above-styled action, and shows the Court as follows This complaint is an action for An Interlocatory Injunction an statutory and actual damages claims for attempted wrongful foreclosure and other claims and actions for damages  brought by Plaintiffs Restoration Ministries A.T.M., Inc. and M. Stephen McGill, Sr. and his wife Teresa y Brown (Plaintiffs ) against the above name Defendants , Capital City Bank & Trust Company , individually and severally, First Citizens Bank & Trust Company, Stokes Carmichael & Ernst LLP, individually and severally, William K. Carmichael, individually & severally, and Thomas V. Keough, Individually &severally (Defendants) ; for the following actions .

    (a)  violated Georgia's Fair Lending Act O.C.G.A.§ 7-6A-6

    (b)  for violation of the Truth in Lending

    (c)  violated Georgia's Fair Lending Act and O.C.G.A §7-6A-4 (2015)  -

    (d)  for fraud on Plaintiffs and fraud on the Bankruptcy court

1

(e) or injunctive relief;

(f) violation of Federal Trade Commission Act;

(g) violation of Home Ownership and Equity Protection Act;

(h) violation of Civil False Claims Act;

(i) for attempted wrongful foreclosure

(j) civil rico

(k) predatory lending

(l) predatory servicing

(m) for statutory, actual, and punitive damages; and

(n) for reasonable attorney's fees and court costs.

## II.

### 1.

### PARTIES.

Plaintiffs are citizens domiciled in Muscogee County Columbus, Georgia. Plaintiff are the husband and wife and the ministers and President and Secretary of Restoration Ministries A.T.M., Inc. and the owners of real property located at in Columbus, Muscogee County Georgia (hereinafter the "Subject Property"), which is currently collateral on an allegedly secured first mortgage loan and other loans called 2nd mortgages allegedly instituted by Capital City Bank & Trust Company and now allegedly held by First-Citizens Bank Trust Company.          :

### 2.

On information and belief Defendant, CAPITAL CITY BANK & TRUST COMPANY, a Bank closed by the Federal Deposit Insurance Corporation for predatory lending , appraisal practices, mismanagement, failing to effectively oversee lending practices , and repeated violations of lending laws with their customers , mishandling of loans and loan Modifications , accounting for monies etc. and other unlawful violations . Defendant Capital City Bank & Trust Company did on or about

2

November 2008 reside and had its principal office in Atlanta, Georgia , and the Metro Area. Based on information and belief, Defendant was closed on February 13, 2015 by the Federal Deposit Insurance Corporation ("FDIC) as receiver and an order appointing the FDIC as receiver was executed by a Fulton County Superior Court Judge on February 13, 2015. Defendant Capital City Bank & Trust Company can be served by copy of Second Original c/o Defendant First Citizens Bank & Trust Company's agent for service being CT Corporation at 1201 Peachtree Street , N.E. Atlanta, Ga. 30361 and once served it will be subject to the jurisdiction of this court.

3.

Further, on information and belief, Defendant FIRST CITIZENS BANK & TRUST COMPANY by agreement executed a purchase and assumption agreement with the Federal Deposit Insurance Corporation to assume and purchase Defendant CAPITAL CITY BANK & TRUST COMPANY'S assets and liabilities and they may be personally served with process at its Principal Place of Business at 4300 Six Forks Road, Raleigh , N Carolina 27609 but has a registered agent with the Secretary of State of Georgia at which it can be served by Second original being CT Corporation at 1201 Peachtree Street , N.E. Atlanta, Ga. 30361 and once served it will be subject to the jurisdiction of this court..

4.

III

JURISDICTION AND VENUE

7.

The Court has subject matter jurisdiction over this case pursuant to O.C.G.A. § 15-6-8 (original and concurrent jurisdiction)Venue is proper in this Court pursuant to the Ga. Const. Art. 6, § 2, ¶ III and VI, and the property attempted to be foreclosed upon is located in Muscogee County, Georgia.

IV.

## STATEMENT OF FACTS & CLAIMS

**8.**

According to the information provided by Defendant Thomas V. Keough, agent and attorney of First Citizens Bank * Trust Company , on November 20, 2008, Plaintiffs closed on a loan with Defendant Capital City Bank and Trust Company, hereinafter called (CCB).  Plaintiffs executed a promissory note in favor of Capitol City Bank & Trust Company (CCB) in the original principal amount of $1,717,325.00. Said property is and was located a 3001 Airport Thruway, Columbus, Muscogee County, Georgia 31908   A copy of the advertise and notice of foreclosure is attached as Exhibit "1" to this Complaint and made a part hereof by reference.

**9.**

Defendant Thomas V. Keough, agent and attorney further in its advertisement states in a section termed **"Important Notices .under item no 2."**

**"The debt is owed to First-Citizens, which is authorized to receive payment on the Note, but which may not be the recorded holder of the Deed to Secure Debt."**

**10.**

According to the information provided by  Defendant Thomas V. Keough, agent and attorney of First Citizens Bank & Trust Company. Plaintiffs also executed a security deed on the same date in favor of (CCB) and was also listed as the guarantors under the security deed and the notes. According to Defendant Keough in his advertisement for foreclosure said deeds was executed in the original principal amount of note 1. $2,228,645.00 and note 2.of $1,717,325.00 by Plaintiff Restoration

Ministries A.T.M and which included 3 pieces of property, namely, (1). 5001 Forrest Road, Columbus , Muscogee County , Georgia , , (2) 50021 Forrest Road, Columbus, Muscogee County, Georgia  and (3) 2599 Regency Drive, Columbus, Muscoogee County, Georgia  .  A copy of the notice of foreclosure is attached as Exhibit "2" to this Complaint and made a part hereof by reference

Defendant Thomas V. Keough, agent and attorney further in its advertisement states in a section termed

"**Important Notices .under item no 2.**"

"**The debt is owed to First-Citizens, which is authorized to receive payment on the Note, but which may not be the recorded holder of the Deed to Secure Debt.**"

### 11.

According to the information provided by  Defendant Thomas V. Keough, agent and attorney of First Citizens Bank & Trust Company. Plaintiffs also executed 2 security deeds and notes. No. 1 note in the amount of $2,228,645.08 executed on November 20, 2008 and note no2. in the amount of $1,717,325.00  executed on May 15, 2009 ( Both Note 1 and 2 executed on property located on 6648 Woodberry Court, Columbus, Muscogee County, Georgia  on the same date in favor of (CCB)  and Plaintiffs  were  also listed as the guarantors  under the security deed and the notes.

Defendant Thomas V. Keough, agent and attorney further in its advertisement states in a section termed

"**Important Notices .under item no 2.**"

"**The debt is owed to First-Citizens, which is authorized to receive payment on the Note, but which may not be the recorded holder of the Deed to Secure Debt.**"

### 12.

According to the information provided by  Defendant Thomas V. Keough, agent and attorney of First Citizens Bank & Trust Company. Plaintiffs also executed 2 security deeds and notes. No. 1

note in the amount of $2,228,645.08 executed on November 20, 2008 and note no2. in the amount of $1,717,325.00 executed on May 15, 2009 ( Both Note 1 and 2 executed on property located on **2421 Victory Drive** ,Columbus, Muscogee County, Georgia on the same date in favor of (CCB) and Plaintiffs were also listed as the guarantors under the security deed and the notes.

Defendant Thomas V. Keough, agent and attorney further in its advertisement states in a section termed

**"Important Notices .under item no 2."**

**"The debt is owed to First-Citizens, which is authorized to receive payment on the Note, but which may not be the recorded holder of the Deed to Secure Debt."**

## 13.

To the Plaintiffs' knowledge, many of these notes was never signed by them and Plaintiff's had complained to Capitol City of the many irregularities on his loans, money was missing from their his accounts without their permissions and the bank failed to give their accounts n credit for monies paid violating the Truth in Lending and O.C.G.A §7-6A-4 (2015) by flipping loans .and more especially Plaintiff's home loan with the two notes as shown in Exhibit 5. Plaintiffs do not owe to Defendants the monies claimed to due and request a true and correct accounting with Defendants.

## 14.

Plaintiffs violated Georgia's Fair Lending Act O.C.G.A.§ 7-6A-6 and Defendants never received credit for the money they paid on loans to Capital City Bank and Plaintiffs never received from Defendants the proper settlement statements of monies allegedly given them on the loans that were put against the property for alleged improvements . This is shown by 2 alleges notes and deeds to

secure debt allegedly held by Defendants and attempting to foreclose on the same which is in violation of Georgia's Fair Lending Act O.C.G.A. .§ 7-6A-6.

## 15.

According to knowledge and belief Defendants violated RESPA Real Estate Settlement Procedures Act 12 U.S.C.A. § 2614 . Defendant never provided notice to Plaintiffs of Settlement documents of all of the many loans made and alleged made by Defendants' agents and attorneys. Plaintiffs were only aware of the same when Capital City Bank was taken over by FDIC and the attorneys hired by First Citizens Bank & Trust Company embarked on lawsuits against Plaintiffs and Foreclosure of alleged securities without mercy or even allowing Plaintiffs opportunity to dispute the loans. .. Additionally, Plaintiffs never received notice that the loan and/or security deed was transferred or sold to First Citizens Bank & Trust Company until the notices of Foreclosure. . Hence, it is not clear whether Defendant purports to be the owner of the loan or the note or security or just the servicer of the loans.

## 16.

Plaintiffs demonstrates that in order to protect the church's property and he and his wife's own property he filed a Bankruptcy Petition due to Defendants and each of them , and their attorneys and agents filing Foreclosure Notices and Lawsuits designed to take Plaintiffs' property... According to information and belief he only discovered that the loan were only serviced by Defendant through their own efforts

## 17.

Plaintiffs show that they filed a Chapter 11 Petition for Reorganization of Restoration Ministries A.T.M. due to Defendant's insistence of taking the church property by foreclosure

Plaintiffs show that the Bankruptcy Trustee and the Judge allowed them a plan to sell the property due to its rising value , which would cause any allege proven debt legally owed to Defendant to be settled.

18.

Plaintiffs' shows that they had at least six (6) serious contracts for sale which was as follows:

1. Palmerhouse Properties

2. Spring Hill Land Trust (Dollar General)

3. Walmart –

4. The Henry Group LLC., - 2015

5. The Highland Group-2016

6. Oasis -2016

. According to information and belief, each time a contract for sale on the property as permitted by the Bankruptcy and when Plaintiffs obtained a contract for sale. Defendants Banks  and their agents and attorney Stokes Carmichael & Ernst and Defendant William K. Carmichael would tell them that they could not give them a clear title which would not only chill the potential sale but caused permanent loss of the sale all of which was damaging to Plaintiffs .

**19.**

Plaintiffs  Bankruptcy plan  was terminated when Defendant Carmichael , agent and attorney for Capital City Band & Trust Company and for first Citizens bank & Trust Company petition the Bankruptcy Judge that Plaintiff had not cooperated and sold the property as directed to in the plan knowing that each time a potential buyer came to them they would tell the buyer that they could not give them clear title they failed to reveal to the Bankruptcy Judge that they could not produce clear title

to the property and the land because they were not the record holder of the Deed to Secure Debts and could not produce a clear title.

According to knowledge and belief  Defendants and each of them failed to reveal to the Judge that their intent was to foreclose upon Plaintiff's property and allegedly clear the title by foreclosure when otherwise they could not grant good title to the land they wished to unlawfully foreclose on

## V

## FRAUD ON THE COURT

20.

According to knowledge and belief Plaintiff shows that on motion of Defendants and their agents and attorneys they were wrongfully dismissed from Bankruptcy Protection due to Fraud on the Court. Defendants , their agents and attorneys misrepresented to the Court that they would allow and accept Plaintiffs' that they were the ones who held the note and security deeds on all the property allegedly owned by their clients and that the property was marketable  with full knowledge that they "may not be the recorded holder of the Deed to Secure Debt.." . Said fraud is a Tort and actionable under O.C.G.A. §51-6-2  as misrepresentation of a material fact and the same is actionable and the came conduct caused Plaintiffs damages in causing them to loose sales in well over $10,000.00.00.

21.

Defendant Capital City Bank (Closed Band) and First Citizens Bank and Trust Company instituted this foreclosure sale as the secured creditor. However, it is wholly unclear as to whether or not Defendant Banks have standing to institute a foreclosure against Plaintiffs. If First Citizens Bank claiming to be the servicer, a servicer has no standing to foreclose on property. If First Citizen is claiming to be the owner of the debt, it has not proven that it is the owner of the note and the security

deed, which ownership of both is required for a legal foreclosure. Further *if First Citizen does not own the Security Instrument that cannot enforce the power of sale*. First Citizen also proved that it does not hold the note and, therefore, cannot be the secured creditor. First Citizen does not have the right to foreclose on the property as the lender or creditor and neither does Capitol City Bank for it is closed.

### 21.

Hence, there is no clear evidence on whom the true note holder is. This discrepancy and lack of accurate information on who actually owns the note are fatal to a foreclosure action. Only the entity that holds both the note and security deed is entitled to foreclose on the home.

### 22.

In this case, it appears that there is no single entity that holds both documents. Without any clear documentation to show such, Neither Bank has legal right to foreclose on Plaintiff's home.

### 23.

Defendants do not show that it is servicing the loan for a lender who has possession or ownership of the note and security deed. The true note holder is unknown at the present time and at the time of the advertisement the sale should be restrained and does not have the right to foreclose on the property as the secured creditor.

### 24.

Plaintiff has no adequate remedy at law and Plaintiff will be greatly harmed unless Defendants, its agents and assigns be enjoined from a non judicial foreclosure on June 7, 2016.

### CAUSES

### VI.

### COUNT 1

### 25.

Plaintiffs incorporate all previous allegations as if specifically and fully set forth herein.

26.

## FRAUD – UNCLEAN HANDS

Upon information and belief, Defendant First Citizen has falsely represented in its correspondence to Plaintiff and its publication of the foreclosure sale that it is the owner of Plaintiffs note and security deed and consequently has the authority to foreclose on Plaintiffs' property when it has no such authority.

27.

Defendant First Citizen has produced no documentation evidencing a right to foreclose on Plaintiffs' property. First Citizen claims to be the lender or secured creditor but has never produced evidence of ownership of the note.  In fact, it appears that Capitol City Bank still owns the notes and Security Deeds

28.

Defendant First Citizen made the representations knowing them to be false.

29.

Plaintiffs justifiably relied on First Citizen and First Citizen's representations that it was the owner of Plaintiffs' loan to whom payments should be made.

30.

Upon information and belief, Plaintiffs did not know at the time that the Defendant's representations were false.  Only after there was a careful examination of the advertisement and notice

11

to plaintiff and t and hiring counsel did Plaintiffs realize that First Citizens and its agents and attorneys' representations were false.

### 31.

As a direct and proximate result of the Defendant's false representations, Plaintiffs sustained significant loss and damage and is entitled to punitive damages.

### 32.

Additionally, as a result of Defendant's fraud, Plaintiffs have incurred substantial costs in bringing this lawsuit and requests that the Court awards Plaintiffs attorney's fees and court costs.

## COUNT 2.

## PERMANENT INJUNCTIVE RELIEF AGAINST DISPOSSESSORY

### 33.

Plaintiffs incorporate all previous allegations as if specifically and fully set forth herein.

### 34.

Pursuant to O.C.G.A. § 9-5-1 and § 9-11-65, Plaintiff files for temporary and permanent injunctive relief against foreclosure by Defendants.

### 35.

O.C.G.A. provides that equity, by writ of injunction, may restrain any act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided by law.

### 36.

Plaintiffs have a clear legal right to seek injunctive relief due to Defendant's pending illegal foreclosure on their home.  Without a lawful right to do so, Defendant seeks to foreclose on Plaintiffs' home.

### 37.

12

Plaintiffs have no adequate remedy at law to redress the harm complained of and the foreclosure of Plaintiffs' property under the circumstances of record is contrary to equity and good conscience in that foreclosure is threatened without legal standing.

### 38.

O.G.C.A. sec. 9-11-65(b)(I) and (2) provide that a temporary restraining order may be granted without oral or written notice to the adverse party if it clearly appears from the specific facts shown by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and that the applicant's attorney certifies to the court, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required.

### 39.

The requisite certification pursuant to O.C.G.A. § 9-11-65(b)(2) is set forth following the Verification of this Complaint by the Plaintiffs.

### 40.

The specific facts set forth in this Verified Complaint demonstrate that unless a temporary injunction against the foreclosure is granted that Plaintiff will suffer the irreparable injury, loss, and damage of the loss of their property.

## House Oversight Committee Constitutional

### 41.

The standard contract gave the government certain enforcement rights **if** the servicer defaulted. (*See* HAMP, Commitment to Purchase Financial Instrument and Servicer Participation Agreement). Herbert Allison, Treasury Assistant for Financial Stability, announced plans to hold servicers accountable by creating "SWAT teams" of Treasury staff who would be "imbedded" at servicers as part of a

13

"conversion drive" by inviting reports from borrowers and their advisors (*See* Allison, December 2009 Testimony pg. 107).

42

The relevant action for purposes of this case is the contractual language between the servicer and Federal providers by and through the U. S Treasury Department. The agreement specifically incorporates the Truth in Lending Act, the Federal Trade Commission Act, the Home Ownership and Equity Protection Act, and "other Federal and state laws designed to prevent unfair, discriminatory or predatory lending practices" Federal criminal laws involving fraud and the civil False Claims Act. (HAMP, Servicer Participation Agreement, at B-3-B-4). When a provider acts outside of its contractual relationship to the banking institution and the counter-claim plaintiffs by repeatedly refusing to clear compliant documents prior to foreclosure date. Once the banking institution fails to follow its own regulations then the resulting foreclosure is not permitted.

Defendant failed to produce any documentation showing its right to foreclose on Plaintiff's property. First Citizens has no evidence that the note was ever assigned to it. **First Citizens** has presented no evidence on who it is servicing the loan for, whether for itself or another. If First Citizens Bank is the servicer, it has no right to foreclose as a servicer.

### 43.

If First Citizens can show true ownership of the security deed and not just that it holds title solely for the administrative convenience of servicing the loan *(see 12 C.F.R. § 226.39(a)(1)*, it still cannot show ownership of the note. Hence, First Citizens would still lack the authority to foreclose. The deed enforces the note, and if the deed is separate from the note, then enforcement cannot occur.

### 43.

Defendant has no interest in the note payments and cannot enforce the note in its own right. Hence, Defendant is not a creditor legally entitled to bring a foreclosure action. First Citizen has no pecuniary interest in the foreclosure.

i. Homes Owner's Equity Act: The Homes Owners McGill's were crossed collateralized with commercial properties. Therefore the banking institution, extended the protection of the Home Owners Equity Act to all properties. The failure to avail the Home Owner of Constitutional Protection described by the Under Secretary makes the foreclosure per se inequitable.

ii. Truth in Lending Act: It is not clear that the actual parties to the loan, the bankruptcy action and present foreclosure are the same or properly assumed title to the action.

iii. Civil False Claims Act: The putative Home Owners upon information and belief the entity subject to FDIC protection did not act in a manner consistent with an attempt to properly secure assets for its creditors. Upon information and belief the entity acted to maximize its assets as a creditor and minimize its assets as a debtor.

**44.**

A valid assignment requires both the note and the deed to be assigned for foreclosure purposes. A note split from the deed becomes unsecured. A noteholder *only* lacks the security and the power to foreclose. A deed holder *only* suffers no default because only the noteholder is entitled to payment.[1]

**45.**

Therefore, Defendant lacks legal standing to foreclose on Plaintiffs' property. Standing requires possession of the note and ownership of the security deed.

---

[1] See *In Re Foreclosure Cases* (Opinion and Order), 1:07CV2282, USDC, Northern District of Ohio, Eastern Division. Judge Boyko required the foreclosing parties to submit proof via an assignment that it was the real party in interest and that they had followed Ohio law on recording of their alleged interest. The parties did not comply, and Judge Boyko dismissed their complaints. See also *In re Mitchell* (Memorandum Opinion), BK-S-07-16226-LBR, US Bankruptcy Court, District of Nevada.

**Defendant is precluded from foreclosing for failure
to comply with O.C.G.A § 44-14-162.2(a).**

46.

Defendant is also barred from foreclosing on Plaintiff's property based on the foreclosure requirements of O.C.G.A § 44-14-162.2(a), which requires that the ***secured creditor*** (emphasis added) provides notice of initiation of foreclosure proceedings to the debtor no later than thirty days before the proposed sale date.

47.

Here, it is clear that First Citizen Bank's role as it relates to Plaintiff's loan is not that of the secured creditor. First Citizen is holding itself out to be the secured creditor but does not hold the note. Neither has First Citizen indicated whether it owns the security deed or if it is only servicing it for another entity.

48.

The notice provided by Defendant is insufficient as O.C.G.A § 44-14-162.2(a) requires the secured creditor to provide the required notice. Here, Defendant is not a secured creditor because it does not hold both the note and the deed. Thus, Defendant has no legal authority to conduct a foreclosure on Plaintiffs' property.

**The failure to comply with the Uniform Commercial Code also
prohibits Defendant from foreclosing on Plaintiffs' property.**

49.

Furthermore, Defendant is prohibited by the Uniform Commercial Code (UCC) from foreclosing on Plaintiff's property. O.C.G.A. 11-3-501 requires a lender to exhibit the instrument (note) upon demand by the person to whom a demand for payment is made.

Upon Plaintiffs' demand, Defendant failed to produce a copy of the original note.

**50.**

The UCC gives Plaintiffs the right to discontinue payment without dishonor for failure of the Defendant's demands to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule.  O.C.G.A. 11-3-501(b)(3).

**51.**

If Defendant cannot prove it owns the note, it has no right to demand or receive payment. Hence, under the UCC, Defendant is barred from demanding payment or foreclosing on Plaintiffs' property without having exhibited the note and proof of ownership.

**52.**

Moreover, under the UCC, an instrument is not transferred until it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.  O.C.G.A. 11-3-203(a).

**53.**

Here, Defendant cannot show a legal transfer of the note and joint ownership of the security deed.

**54.**

Defendant, therefore, has no legal right to foreclose on Plaintiffs' home.

**55.**

Based on the above violations, Plaintiffs seeks an Order staying any non-judicial foreclosure.

**56.**

Plaintiffs seeks permanent injunction barring Defendant from proceeding with foreclosure action of all properties specified and subject to foreclosure action unless and until such time that Defendant can show legal standing to foreclose.

### 57.

As Defendant has no legal standing to institute or maintain a foreclosure of the property, there is no harm to said Defendant with the granting of the requested relief, and any claimed harm is substantially outweighed by the irreparable harm to the Plaintiffs if the relief requested herein is not granted.

### 58.

Under the circumstances where there is no harm to Defendant with the granting of the requested relief, no bond should be required as a prerequisite to the granting of the relief requested herein as there are no costs or other damages which could be contemplated on the part of Defendant with the granting of the requested relief for which a bond would otherwise be necessary.

### 59.

As shown from the facts contained herein, unless Defendant is immediately restrained from foreclosing on Plaintiffs' property, Plaintiffs will suffer immediate and irreparable injury in that they will suffer an illegal foreclosure and lose their property.

### 60.

Plaintiffs have incurred substantial costs in bringing this lawsuit and request that the Court awards Plaintiffs attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11.

## COUNT 3

### PREDATORY LENDING

By advice, counsel and recommendation of the bank the Plaintiffs were lead to refinance the properties to their detriment. On several dates prior to loan maturity dates the said properties were unnecessarily encumbered. The cumulative charge for refinancing exceeded industry standards. As such, the instrument(s) was used to obfuscate the charges which would exceed the capability of the borrower to repay. The balloon payments camouflaged the total cost assumed by the borrower.

To further maximize the value of the financial problems with the instrument

## COUNT 4

### CIVIL RICO

Upon Information and belief the entities involved acted in conspiracy to defraud the property owners of the equity value within said properties.

### PUNITIVE DAMAGES

**61.**

Plaintiffs incorporate all previous allegations as if specifically and fully set forth herein.

**62.**

The actions of Defendant show willful misconduct, wantonness, and that entire want of care that raises the presumption of a conscious indifference to the consequences of its acts.  Accordingly, Plaintiffs seeks punitive damages pursuant to O.C.G.A. § 51-12-5.1.

**63.**

As a direct and proximate cause of the intentional conduct of Defendants, Plaintiffs have suffered great financial loss and mental and emotional distress.

**64.**

Plaintiffs have incurred substantial costs in bringing this lawsuit and request that the Court awards Plaintiff attorney's fees.

**65.**

Plaintiffs reserve the right to amend their Complaint to add additional allegations and grounds for relief.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendant for the following:

1.   A finding that Defendant violated Georgia Fair Lending Act., and committed fraud, which entitles Plaintiffs to an award for damages;

2.   That the court conduct a hearing on a temporary restraining order and an interlocutory injunction in this cause;

3.   That the Court issues a temporary restraining order and interlocutory injunction prohibiting Defendant from illegally foreclosing on Plaintiffs' property;

4.   A trial by jury to determine all issues of facts in dispute and to determine and award all damages;

5.   An award to Plaintiffs of actual, statutory, and punitive damages;

6.   Award Plaintiffs reasonable attorney's fees and costs of this litigation;

7.   Grant such other and further relief as this Honorable Court deems just and proper.

This _6_ day of _June_, 2016.

CHARLES W. MILLER
LOUISE HORNSBY

20

Attorney for Plaintiff
Georgia Bar Number 506425
5734 Windsor Drive
Building 6
Columbus, Georgia 31909
(706) 565-7795


**LOUISE T. HORNSBY**
**Attorney for Plaintiff**
**Georgia Bar Number 367800**
**Promenade Park**
**3915 Cascade Rd. SW**
**Atlanta, Georgia 30331**
**404-505-0777**
**404-505-0778 (fax)**


**Charles Brooks**

IN THE SUPERIOR/STATE COURT OF _Muscogee_ COUNTY

**STATE OF GEORGIA**

Restoration Ministries A.T.M, Inc
Mcgill, M. Stephen Sr
Brown, Teresa U.

CIVIL ACTION NUMBER SU16CV1161-68

PLAINTIFF

Vs.

Capital City Bank & Trust Company,
First Citizens Bank & Trust Company,
et al

2016 JUN -6 PM 4: 24
H. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT
FILED IN OFFICE

DEFENDANT

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Louise T. Hornsby
3915 Cascade Rd! SW
Atlanta, GA. 30331

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _6th_ day of _June_, _2016_.

Clerk of Superior Court/State Court

By: _____

Deputy Clerk

SC-1 Rev. 85

# EXHIBIT "1"

21



**Stokes Carmichael & Ernst** LLP
A T T O R N E Y S    A T    L A W

80 Peachtree Park DR
Atlanta, GA 30309

Ph: 404.352.1465
Fax: 404.352.8463

scelaw.com

April 27, 2016

Restoration Ministries A.T.M., Inc.
2015 South Park Place
Atlanta, GA 30339

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742053**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776195645590**
and *First Class Mail*

Rev. Mr. Marshall S. McGill
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742060**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776195729108**
and *First Class Mail*

Ms. Theresa Y. Brown
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742077**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776195822610**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
3001 Airport Thruway
Columbus, GA 31908

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742084**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776195843137**
and *First Class Mail*

RE:  (1)   Deed to Secure Debt and Security Agreement ("Deed to Secure Debt") recorded at
           Deed Book 09702, Page 287-295, of the Georgia deed records of the Superior
           Court of Muscogee County, said Deed executed by Restoration Ministries A.T.M.,
           Inc., in favor of Capitol City Bank & Trust Company, to secure a Promissory Note
           dated May 15, 2009.

     (2)   First-Citizens Bank and Trust Company is the holder of the Deed to Secure Debt

and the debt evidenced by the Promissory Note.

(3)  Property Address: 3001 Airport Thruway, Columbus, Muscogee County, Georgia 31908.

(4)  Original Principal Balance: $1,717,325.00.

(5)  Present Balance: $2,573,260.27. (As of April 18, 2016. The amount of debt changes due to additional payments, late charges, and other authorized expenses; therefore, you must contact our office for updated figures.)

(6)  Date when the property described in the Deed to Secure Debt will be sold by foreclosure sale:   June 7, 2016.

To Whom it May Concern:

We represent First-Citizens Bank and Trust Company ("First-Citizens"). First-Citizens is the present holder of the above Deed to Secure Debt and the debt secured thereby, and is the party to whom you are indebted. Because of your failure to make the payments required under the loan documents evidencing your debt, First-Citizens has declared and hereby again declares the indebtedness immediately due and payable, First-Citizens has instructed this firm to foreclose.

"Important Notices"

1.  The amount of the delinquency is $2,573,260.27 as of April 18, 2016. This amount increases $203.41 per day. (The amount of debt changes due to additional payments, late charges, and other authorized expenses; therefore, you must contact our office for updated figures.)

2.  The debt is owed to First-Citizens, which is authorized to receive payment on the Note, but which may not be the recorded holder of the Deed to Secure Debt.

Please be advised further that:

1.  Susan Chaney is the contact at First-Citizens with authority to negotiate for First-Citizens. Her address and phone number are: 3300 Cumberland Blvd, Suite 300, FCB Mail Code 867000; Atlanta, Georgia 30339; (678) 419-5024.

2.  I have enclosed a copy of the foreclosure advertisement which will be published in the appropriate newspaper for four (4) weeks immediately preceding the foreclosure sale of the property.

3.  To the extent that the parties have departed from the terms of the Loan Documents, First-Citizens hereby gives notice that it intends to rely on the exact terms of the Loan Documents.

4.  You may direct any correspondence or inquiries concerning this matter to the attention of

the undersigned to the above address by mail or by FAX, or to Ms. Chaney as set forth above.

Sincerely,
STOKES CARMICHAEL & ERNST LLP

Thomas V. Keough
(Extension 22, tvk@scelaw.com)
SCE File No. 15-03661 & 15-03662

TVK/gjr
Enclosure

cc:     **Sims W. Gordon, Jr., Esq.**
        **The Gordon Law Firm PC**
        400 Galleria Parkway, SE, Suite 1500
        Atlanta, GA 30339
        Atllaw06@gordonlawpc.com

STATE OF GEORGIA
COUNTY OF MUSCOGEE

Pursuant to a power of sale contained in a certain Deed to Secure Debt and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor", with the singular including the plural, to Capitol City Bank & Trust Company, recorded in Deed Book 09702, Pages 287-295, the deed records of the Clerk of the Superior Court of Muscogee County, Georgia, having been given to secure a debt evidenced by a Promissory Note in the original principal amount of $1,717,325.00 with interest at the rate stated in said Promissory Note, and by virtue of a default in the payment of the debt secured by said Deed to Secure Debt, the undersigned attorney-in-fact for the aforesaid Grantor (which attorney-in-fact is First-Citizens Bank & Trust Company, the present holder of said Deed to Secure Debt and debt secured thereby) will sell before the door of the courthouse in Muscogee County, Georgia, within the legal hours of sale, for cash, to the highest bidder on Tuesday, June 7, 2016, the property described on Exhibit "A" attached hereto.

Said property commonly known as **3001 Airport Thruway, Columbus, Muscogee County, Georgia 31908**. Said sale will be made subject to the following items which may affect the title to said property: All superior liens, restrictive covenants, easements and rights-of-way appearing of record, if any; all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; all outstanding and/or unpaid taxes which may be liens upon the property; and all outstanding or unpaid bills and assessments for street improvements, curbing, garbage, water, sewage and public utilities which may be liens upon said property.

First-Citizens Bank & Trust Company, as Attorney-In-Fact for the Aforesaid Grantor
c/o Thomas V. Keough, Esq.
STOKES CARMICHAEL & ERNST LLP
80 Peachtree Park Drive, N. E.
Atlanta, Georgia   30309-1320
404-352-1465, ext. 22

Exhibit "A"

All that lot, tract or parcel of land situate, lying, and being in Land Lots 35 and 36 of the 8th Land District of Columbus, Muscogee County, Georgia being more particularly described as follows:

Commence at an iron pin on the northern right-of-way line of Airport Thruway, said iron pin being located at the Southern end of a curve to the right where the Southwestern right-of-way line of West Britt David Road intersects the northern right-of-way line of Airport Thruway, said iron pin also being the POINT OF BEGINNING.

Thence westerly along the northern right-of-way line of Airport Thruway S65° 07'20''W a distance of 26.51 feet to an iron pin; thence along said right-of-way line along a curve to the left having a radius of 656.62 feet, an arc length of 193.57 feet being subtended by a chord bearing of S73° 55'43''W for a chord distance of 192.87 feet to an iron pin; thence along said line S65° 29'00''W a distance of 56.29 feet to an iron pin; thence N19°25'19''W a distance of 644.87 feet to an iron pin located on the Western right-of-way of West Britt David Road; thence along the Western right-of-way line of West Britt David Road along a curve to the right having a radius of 1,807.02 feet, an arc length of 426.39 feet being subtended by a chord bearing of S52°42'00''E for a chord distance of 425.40 feet to an iron pin; thence along said right-of-way line S45°55'32''E of a distance of 226.04 feet to an iron pin; thence along said right-of-way line along a curve to the right having a radius of 62.76 feet, an arc length of 130.75 feet being subtended by a chord bearing of S13°45'30''W for a chord distance of 108.36 feet to an iron pin which is the original point of beginning.

Said property contains 3.00 acres more or less.

# EXHIBITS "2" & "3"

Loved



Stokes Carmichael & Ernst LLP
A T T O R N E Y S   A T   L A W

April 27, 2016

·80 Peachtree Park DR
Atlanta, GA 30309

Ph: 404.352.1465
Fax: 404.352.8463

scelaw.com

Restoration Ministries A.T.M., Inc.
2015 South Park Place
Atlanta, GA 30339

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742169**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196305600**
and *First Class Mail*

Rev. Mr. Marshall S. McGill
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742152**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196345990**
and *First Class Mail*

Ms. Theresa Y. Brown
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742145**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196492760**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742138**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196592020**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
3001 Airport Thruway
Columbus, GA 31908

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742121**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196710963**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
5001 Forrest Road
Columbus, GA 31907

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742114**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196846853**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
5021 Forrest Road
Columbus, GA 31907

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742107**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196970324**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
2599 Regency Drive
Columbus, GA 31907

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742091**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776197089909**
and *First Class Mail*

RE:

(1)   Commercial Deed to Secure Debt and Security Agreement ("First Deed to Secure Debt") recorded at Deed Book 09536, Page 257-268, and re-recorded at Deed Book 09553, Pages 330-341, of the Georgia deed records of the Superior Court of Muscogee County, said Deed executed by Restoration Ministries A.T.M., Inc., in favor of Capitol City Bank & Trust Company, to secure a Promissory Note dated November 20, 2008 ("Note 1").

(2)   Deed to Secure Debt and Security Agreement ("Second Deed to Secure Debt") recorded at Deed Book 09702, Page 287-295, of the Georgia deed records of the Superior Court of Muscogee County, said Deed executed by Restoration Ministries A.T.M., Inc., in favor of Capitol City Bank & Trust Company, to secure a Promissory Note dated May 15, 2009 ("Note 2").

(3)   First-Citizens Bank and Trust Company is the holder of the First and Second Deeds to Secure Debt and the debts evidenced by the Note 1 and Note 2.

(4)   Property Addresses: 5001 Forrest Road, Columbus, Muscogee County, Georgia 31907; 5021 Forrest Road, Columbus, Muscogee County, Georgia 31907; and, 2599 Regency Drive, Columbus, Muscogee County, Georgia 31907.

(5)   Original Principal Balance on Note 1: $2,228,645.08.

(6)   Original Principal Balance on Note 2: $1,717,325.00

(7)   Present Balance on Note 1 and Note 2: $5,954,437.89. (As of April 18, 2016. The amount of debt changes due to additional payments, late charges, attorney's fees and other authorized expenses; therefore, you must contact our office for updated figures.)

(8)   Date when the property described in the Deed to Secure Debt will be sold by foreclosure sale: June 7, 2016.

To Whom it May Concern:

We represent First-Citizens Bank and Trust Company ("First-Citizens"). First-Citizens is the present holder of the above First Deed to Secure Debt and the Second Deed to Secure Debt and the debts secured thereby, and is the party to whom you are indebted. Because of your failure to make the payments required under the loan documents evidencing your debts, First-Citizens has declared and hereby again declares the indebtedness immediately due and payable, First-Citizens has instructed this firm to foreclose.

"Important Notices"

1.      The amount of the delinquency is $5,954,437.89 as of April 18, 2016. This amount increases $728.71 per day. (The amount of debt changes due to additional payments, late charges, and other authorized expenses; therefore, you must contact our office for updated figures.)

2.      The debt is owed to First-Citizens, which is authorized to receive payment on the Notes, but which may not be the recorded holder of the Deed to Secure Debt.

Please be advised further that:

1.      Susan Chaney is the contact at First-Citizens with authority to negotiate for First-Citizens. Her address and phone number are: 3300 Cumberland Blvd, Suite 300, FCB Mail Code 867000; Atlanta, Georgia 30339; (678) 419-5024.

2.      I have enclosed a copy of the foreclosure advertisement which will be published in the appropriate newspaper for four (4) weeks immediately preceding the foreclosure sale of the property.

3.      To the extent that the parties have departed from the terms of the Loan Documents, First-Citizens hereby gives notice that it intends to rely on the exact terms of the Loan Documents.

4.      You may direct any correspondence or inquiries concerning this matter to the attention of the undersigned to the above address by mail or by FAX, or to Ms. Chaney as set forth above.

Sincerely,

STOKES CARMICHAEL & ERNST LLP

Thomas V. Keough
(Extension 22, tvk@scelaw.com)
SCE File No. 15-03661 & 15-03662

TVK/gjr
Enclosure

cc:   **Sims W. Gordon, Jr., Esq.**
      **The Gordon Law Firm PC**
      400 Galleria Parkway, SE, Suite 1500
      Atlanta, GA 30339
      Atllaw06@gordonlawpc.com

STATE OF GEORGIA
COUNTY OF MUSCOGEE

Pursuant to a power of sale contained in a certain Commercial Deed to Secure Debt and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor", with the singular including the plural, to Capitol City Bank & Trust Company, recorded in Deed Book 09536, Pages 257-258, and re-recorded in Deed Book 09553, Pages 330-341, the deed records of the Clerk of the Superior Court of Muscogee County, Georgia, having been given to secure a debt evidenced by a Real Estate Note in the original principal amount of $2,228,645.08 with interest at the rate stated in said Real Estate Note; and,

Pursuant to a Power of Sale contained in a certain Deed to Secure and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor" with the singular including the plural to Capitol City Bank & Trust Company, recorded in Deed Book 09702, Pages 287-295, in the original principal amount of $1,717,325.00 with interest at the rate stated in said Real Estate Note; and,

By virtue of a default in the payment of the debts secured by said Deeds to Secure Debt and Security Agreements, the undersigned attorney-in-fact for the aforesaid Grantor (which attorney-in-fact is First-Citizens Bank & Trust Company, the present holder of said Deeds to Secure Debt and Security Agreements and the debts secured thereby) will sell before the door of the courthouse in Muscogee County, Georgia, within the legal hours of sale, for cash, to the highest bidder on Tuesday, June 7, 2016, the property described on Exhibit "A" attached hereto.

Said property is commonly known as **5001 Forrest Road, Columbus, Muscogee County, Georgia 31907; 5021 Forrest Road, Columbus, Muscogee County, Georgia 31907; and, 2599 Regency Drive, Columbus, Muscogee County, Georgia 31907**. Said sale will be made subject to the following items which may affect the title to said property: All superior liens, restrictive covenants, easements and rights-of-way appearing of record, if any; all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; all outstanding and/or unpaid taxes which may be liens upon the property; and all outstanding or unpaid bills and assessments for street improvements, curbing, garbage, water, sewage and public utilities which may be liens upon said property.

First-Citizens Bank & Trust Company, as Attorney-In-Fact for the
Aforesaid Grantor
c/o Thomas V. Keough, Esq.
STOKES CARMICHAEL & ERNST LLP
80 Peachtree Park Drive, N. E.
Atlanta, Georgia   30309-1320
404-352-1465, ext. 22

Exhibit "A"

TRACT ONE:

ALL THAT LOT, TRACT or parcel of land situate, lying and being in the State of Georgia County of Muscogee and City of Columbus and being part of Land Lot 10 of the 9th Land District of said County consisting of 2.0 acres and being more particularly described as follows:

BEGINNING at an iron pin at the intersection of the northwesterly margin of Regency Drive and the northeasterly margin of Forest Road, a distance of 295.69 feet North 70 degrees 42' West to the point of beginning; thence from the point of beginning 250 feet along Forest Road to an iron pin; thence North 30 degrees 45.37' East 255.61 feet to an iron pin; thence North 09 degrees 54.48' East 148.17 feet to an iron pin; thence South 70 degrees 42' East 223.38 feet to an iron point; thence South 19. 18 minutes West, 396.70 feet to an iron pin and the POINT OF BEGINNING. Said property being a portion of the same property purchased by Real Estate Network of Georgia, Inc. from W.C. Bradley Company on January 9, 1992 as shown in Deed Book 3520, page 136, Muscogee County, Georgia records

Said property is shown as Tact 1 on the plat prepared by French & Associates, dated April 15, 1999, and recorded in Plat Book 141, Folio 14, aforesaid Clerk's office.

TRACT TWO:

ALL THAT TRACT or parcel of land lying and being in the County of Muscogee and City of Columbus as shown on a map or plat made by French & Associates, Landscape Architects, on April 15, 1999 as shown in Plat Book 141, page 14, Muscogee County, Georgia records, same being described as Tract Two and Parcel A, of said survey, and further described as 2599 Regency Drive, Columbus, Georgia, according to the present system of numbering houses in Columbus, Georgia.

# EXHIBIT "4"

23



**Stokes Carmichael & Ernst** LLP
A T T O R N E Y S   A T   L A W

80 Peachtree Park DR
Atlanta, GA 30309

Ph: 404.352.1465
Fax: 404.352.8463

scelaw.com

April 27, 2016

Restoration Ministries A.T.M., Inc.
2015 South Park Place
Atlanta, GA 30339

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NO. 70123050000205439001
VIA FEDERAL EXPRESS
TRACKING NO. 776197816640
and *First Class Mail*

Rev. Mr. Marshall S. McGill
6648 Woodberry Court
Columbus, GA 31904

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NO. 70123050000205439018
VIA FEDERAL EXPRESS
TRACKING NO. 776197924870
and *First Class Mail*

Ms. Theresa Y. Brown
6648 Woodberry Court
Columbus, GA 31904

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NO. 70123050000205438998
VIA FEDERAL EXPRESS
TRACKING NO. 776198071010
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
6648 Woodberry Court
Columbus, GA 31904

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NO. 70123050000205438981
VIA FEDERAL EXPRESS
TRACKING NO. 776198212288
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
3001 Airport Thruway
Columbus, GA 31908

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NO. 70123050000205438974
VIA FEDERAL EXPRESS
TRACKING NO. 776198354037
and *First Class Mail*

RE:

(1)    Commercial Deed to Secure Debt and Security Agreement ("First Deed to Secure Debt") recorded at Deed Book 09536, Page 257-268, and re-recorded at Deed Book 09553, Pages 330-341, of the Georgia deed records of the Superior Court of Muscogee County, said Deed executed by Restoration Ministries A.T.M., Inc., in favor of Capitol City Bank & Trust Company, to secure a Promissory Note dated November 20, 2008 ("Note 1").

(2)    Deed to Secure Debt and Security Agreement ("Second Deed to Secure Debt") recorded at Deed Book 09702, Page 287-295, of the Georgia deed records of the Superior Court of Muscogee County, said Deed executed by Restoration Ministries A.T.M., Inc., in favor of Capitol City Bank & Trust Company, to secure a Promissory Note dated May 15, 2009 ("Note 2").

(3)    First-Citizens Bank and Trust Company is the holder of the First and Second Deeds to Secure Debt and the debts evidenced by the Note 1 and Note 2.

(4)    Property Address: 6648 Woodberry Court, Columbus, Muscogee County, Georgia 31904.

(5)    Original Principal Balance on Note 1: $2,228,645.08.

(6)    Original Principal Balance on Note 2: $1,717,325.00

(7)    Present Balance on Note 1 and Note 2: $5,954,437.89. (As of April 18, 2016. The amount of debt changes due to additional payments, late charges, attorney's fees and other authorized expenses; therefore, you must contact our office for updated figures.)

(8)    Date when the property described in the Deed to Secure Debt will be sold by foreclosure sale: June 7, 2016.

To Whom it May Concern:

We represent First-Citizens Bank and Trust Company ("First-Citizens"). First-Citizens is the present holder of the above First Deed to Secure Debt and the Second Deed to Secure Debt and the debts secured thereby; and is the party to whom you are indebted. Because of your failure to make the payments required under the loan documents evidencing your debts, First-Citizens has declared and hereby again declares the indebtedness immediately due and payable, First-Citizens has instructed this firm to foreclose.

"Important Notices"

1.    The amount of the delinquency is $5,954,437.89 as of April 18, 2016. This amount increases $728.71 per day. (The amount of debt changes due to additional payments, late charges, and other authorized expenses; therefore, you must contact our office for updated figures.)

 2.    The debt is owed to First-Citizens, which is authorized to receive payment on the Notes, but which may not be the recorded holder of the Deed to Secure Debt.

Please be advised further that:

1.    Susan Chaney is the contact at First-Citizens with authority to negotiate for First-Citizens. Her address and phone number are: 3300 Cumberland Blvd, Suite 300, FCB Mail Code 867000; Atlanta, Georgia 30339; (678) 419-5024.

2. I have enclosed a copy of the foreclosure advertisement which will be published in the appropriate newspaper for four (4) weeks immediately preceding the foreclosure sale of the property.

3. To the extent that the parties have departed from the terms of the Loan Documents, First-Citizens hereby gives notice that it intends to rely on the exact terms of the Loan Documents.

4. You may direct any correspondence or inquiries concerning this matter to the attention of the undersigned to the above address by mail or by FAX, or to Ms. Chaney as set forth above.

Sincerely,
STOKES CARMICHAEL & ERNST LLP

Thomas V. Keough
(Extension 22, tvk@scelaw.com)
SCE File No. 15-03661 & 15-03662

TVK/gjr
Enclosure

cc:   **Sims W. Gordon, Jr., Esq.**
      **The Gordon Law Firm PC**
      400 Galleria Parkway, SE, Suite 1500
      Atlanta, GA 30339
      Atllaw06@gordonlawpc.com

STATE OF GEORGIA
COUNTY OF MUSCOGEE

Pursuant to a power of sale contained in a certain Commercial Deed to Secure Debt and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor", with the singular including the plural, to Capitol City Bank & Trust Company, recorded in Deed Book 09536, Pages 257-258, and re-recorded in Deed Book 09553, Pages 330-341, the deed records of the Clerk of the Superior Court of Muscogee County, Georgia, having been given to secure a debt evidenced by a Real Estate Note in the original principal amount of $2,228,645.08 with interest at the rate stated in said Real Estate Note; and,

Pursuant to a Power of Sale contained in a certain Deed to Secure and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor" with the singular including the plural to Capitol City Bank & Trust Company, recorded in Deed Book 09702, Pages 287-295, in the original principal amount of $1,717,325.00 with interest at the rate stated in said Real Estate Note; and,

By virtue of a default in the payment of the debts secured by said Deeds to Secure Debt and Security Agreements, the undersigned attorney-in-fact for the aforesaid Grantor (which attorney-in-fact is First-Citizens Bank & Trust Company, the present holder of said Deeds to Secure Debt and Security Agreements and the debts secured thereby) will sell before the door of the courthouse in Muscogee County, Georgia, within the legal hours of sale, for cash, to the highest bidder on Tuesday, June 7, 2016, the property described on Exhibit "A" attached hereto.

Said property is commonly known as **6648 Woodberry Court, Columbus, Muscogee County, Georgia 31904**. Said sale will be made subject to the following items which may affect the title to said property: All superior liens, restrictive covenants, easements and rights-of-way appearing of record, if any; all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; all outstanding and/or unpaid taxes which may be liens upon the property; and all outstanding or unpaid bills and assessments for street improvements, curbing, garbage, water, sewage and public utilities which may be liens upon said property.

> First-Citizens Bank & Trust Company, as Attorney-In-Fact for the Aforesaid Grantor
> c/o Thomas V. Keough, Esq.
> STOKES CARMICHAEL & ERNST LLP
> 80 Peachtree Park Drive, N.E.
> Atlanta, Georgia  30309-1320
> 404-352-1465, ext. 22

Exhibit "A"

ALL THAT LOT TRACT OR PARCEL OF LAND SITUATE, LYING AND BEING IN COLUMBUS, MUSCOGEE COUNTY, GEORGIA AND BEING KNOWN AND DESIGNATED AS ALL OF LOT EIGHTEEN (18) IN BLOCK "A", MOUNTAINBROOK OF GREEN ISLAND, AS SAID LOT IS SHOWN UPON A MAP OR PLAT OF SAID SUBDIVISION ENTITLED "SURVEY OF MOUNTAINBROOK OF GREEN ISLAND LYING IN LAND LOTS 83, 95, AND 100, 8TH DISTRICT, COLUMBUS, MUSCOGEE COUNTY, GEORGIA", PREPARED BY JORDAN, JONES AND BOULDING, INC., ENGINEERS AND PLANNERS, DATED MAY 2, 1988, AND RECORDED IN PLAT BOOK 106, FOLIOS 17A THROUGH 17E, INCLUSIVE, IN THE OFFICE OF THE CLERK OF SUPERIOR COURT OF MUSCOGEE COUNTY, GEORGIA, TO WHICH MAP OR PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR LOCATION AND DIMENSIONS OF SAID LOT, TOGETHER WITH ALL RIGHTS, BENEFITS AND EASEMENTS BELONGING, RELATING OR APPERTAINING THERETO.

# EXHIBIT "5"

*Victory*



**Stokes Carmichael & Ernst** LLP
A T T O R N E Y S   A T   L A W

April 27, 2016

80 Peachtree Park DR
Atlanta, GA 30309

Ph: 404.352.1465
Fax: 404.352.8463

scelaw.com

Restoration Ministries A.T.M., Inc.
2015 South Park Place
Atlanta, GA 30339

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742046**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776193896631**
and *First Class Mail*

Rev. Mr. Marshall S. McGill
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742039**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776193971067**
and *First Class Mail*

Ms. Theresa Y. Brown
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742015**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776194010295**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742022**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776194051045**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
3001 Airport Thruway
Columbus, GA 31908

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742008**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776194086072**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
2421 Victory Drive
Columbus, GA 31909

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354741995**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776194117535**
and *First Class Mail*

RE:

(1)    Commercial Deed to Secure Debt and Security Agreement ("First Deed to Secure Debt")
       recorded at Deed Book 09536, Page 257-268, and re-recorded at Deed Book 09553, Pages
       330-341, of the Georgia deed records of the Superior Court of Muscogee County, said
       Deed executed by Restoration Ministries A.T.M., Inc., in favor of Capitol City Bank &
       Trust Company, to secure a Promissory Note dated November 20, 2008 ("Note 1").

(2)    Deed to Secure Debt and Security Agreement ("Second Deed to Secure Debt") recorded at
       Deed  Book 09702, Page 287-295, of the Georgia deed records of the Superior Court of
       Muscogee County, said Deed executed by Restoration Ministries A.T.M., Inc., in favor of
       Capitol City Bank & Trust Company, to secure a Promissory Note dated May 15, 2009
       ("Note 2").

(3)    First-Citizens Bank and Trust Company is the holder of the First and Second Deeds to
       Secure Debt and the debts evidenced by the Note 1 and Note 2.

(4)    Property Address: 2421 Victory Drive, Columbus, Muscogee County, Georgia 31909.

(5)    Original Principal Balance on Note 1: $2,228,645.08.

(6)    Original Principal Balance on Note 2: $1,717,325.00

(7)    Present Balance on Note 1 and Note 2: $5,954,437.89. (As of April 18, 2016. The
       amount of debt changes due to additional payments, late charges, attorney's fees and other
       authorized expenses; therefore, you must contact our office for updated figures.)

(8)    Date when the property described in the Deed to Secure Debt will be sold by foreclosure
       sale:  June 7, 2016.

To Whom it May Concern:

We represent First-Citizens Bank and Trust Company ("First-Citizens"). First-Citizens is the
present holder of the above First Deed to Secure Debt and the Second Deed to Secure Debt and the
debts secured thereby, and is the party to whom you are indebted. Because of your failure to make
the payments required under the loan documents evidencing your debts, First-Citizens has
declared and hereby again declares the indebtedness immediately due and payable; First-Citizens

has instructed this firm to foreclose.

"Important Notices"

1.    The amount of the delinquency is $5,954,437.89 as of April 18, 2016. This amount increases $728.71 per day. (The amount of debt changes due to additional payments, late charges, and other authorized expenses; therefore, you must contact our office for updated figures.)

2.    The debt is owed to First-Citizens, which is authorized to receive payment on the Notes, but which may not be the recorded holder of the Deed to Secure Debt.

Please be advised further that:

1.    Susan Chaney is the contact at First-Citizens with authority to negotiate for First-Citizens. Her address and phone number are: 3300 Cumberland Blvd, Suite 300, FCB Mail Code 867000; Atlanta, Georgia 30339; (678) 419-5024.

2.    I have enclosed a copy of the foreclosure advertisement which will be published in the appropriate newspaper for four (4) weeks immediately preceding the foreclosure sale of the property.

3.    To the extent that the parties have departed from the terms of the Loan Documents, First-Citizens hereby gives notice that it intends to rely on the exact terms of the Loan Documents.

4.    You may direct any correspondence or inquiries concerning this matter to the attention of the undersigned to the above address by mail or by FAX, or to Ms. Chaney as set forth above.

Sincerely,
STOKES CARMICHAEL & ERNST LLP

Thomas V. Keough
(Extension 22, tvk@scelaw.com)
SCE File No. 15-03661 & 15-03662

TVK/gjr
Enclosure
cc:   Sims W. Gordon, Jr., Esq.
      The Gordon Law Firm PC
      400 Galleria Parkway, SE, Suite 1500
      Atlanta, GA 30339
      Atllaw06@gordonlawpc.com

STATE OF GEORGIA
COUNTY OF MUSCOGEE

Pursuant to a power of sale contained in a certain Commercial Deed to Secure Debt and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor", with the singular including the plural, to Capitol City Bank & Trust Company, recorded in Deed Book 09536, Pages 257-258, and re-recorded in Deed Book 09553, Pages 330-341, the deed records of the Clerk of the Superior Court of Muscogee County, Georgia, having been given to secure a debt evidenced by a Real Estate Note in the original principal amount of $2,228,645.08 with interest at the rate stated in said Real Estate Note; and,

Pursuant to a Power of Sale contained in a certain Deed to Secure and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor" with the singular including the plural to Capitol City Bank & Trust Company, recorded in Deed Book 09702, Pages 287-295, in the original principal amount of $1,717,325.00 with interest at the rate stated in said Real Estate Note; and,

By virtue of a default in the payment of the debts secured by said Deeds to Secure Debt and Security Agreements, the undersigned attorney-in-fact for the aforesaid Grantor (which attorney-in-fact is First-Citizens Bank & Trust Company, the present holder of said Deeds to Secure Debt and Security Agreements and the debts secured thereby) will sell before the door of the courthouse in Muscogee County, Georgia, within the legal hours of sale, for cash, to the highest bidder on Tuesday, June 7, 2016, the property described on Exhibit "A" attached hereto.

Said property is commonly known as **2421 Victory Drive, Columbus, Muscogee County, Georgia 31909**. Said sale will be made subject to the following items which may affect the title to said property: All superior liens, restrictive covenants, easements and rights-of-way appearing of record, if any; all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; all outstanding and/or unpaid taxes which may be liens upon the property; and all outstanding or unpaid bills and assessments for street improvements, curbing, garbage, water, sewage and public utilities which may be liens upon said property.

First-Citizens Bank & Trust Company, as Attorney-In-Fact for the Aforesaid Grantor
c/o Thomas V. Keough, Esq.
STOKES CARMICHAEL & ERNST LLP
80 Peachtree Park Drive, N. E.
Atlanta, Georgia  30309-1320
404-352-1465, ext. 22

Exhibit "A"

All that lot, tract or parcel of land situate, lying and being in Columbus, Muscogee County, Georgia and being known and designated as ALL OF LOT NUMBERED TWO HUNDRED (200), consisting of approxiamately 1.444 acres, more or less, and shown on that certain map or plat entitled "Replat for Royal crown Bottling Company of Chicago, Part of Land Lot 67, Coweta Reserve, Columbus, Muscogee County, Georgia" dated November 7, 2005, prepared by Moon, Meeks, Mason & Vinson, Inc. and filed in Plat Book 156, Folio 68, in the Office of the Clerk of the Superior Court of Muscogee County, Georgia, to which reference is hereby made for a more particular descriptions of said property.

# Muscogee County, Georgia

*I do certify that the within and foregoing is a true and correct copy of the document(s) as appears by the original on file and record in the office of the clerk of Muscogee SUPERIOR/STATE Court*

## SU 16 CV 1651-68

### COMPLAINT
### RESTORATION MINISTRIES VS. CAPITAL CITY BANK

## June 10, 2016

*Deputy Clerk, Muscogee SUPERIOR/STATE Court*

*M. Linda Pierce*
*Clerk of Superior Court*
*Muscogee County, Georgia*

COPY

SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

RESTORATION MINISTRIES A.T.M, INC.,  )
                                      )
              Plaintiff,              )
                                      )        CIVIL ACTION
VS.                                   )
                                      )        FILE NO.
FIRST-CITIZENS BANK & TRUST           )
COMPANY,                              )
                                      )
              Defendant.              )
                                      )
_____)

## DEFENDANT'S BENCH BRIEF OPPOSING INJUNCTIVE RELIEF

Plaintiff has filed a Complaint against Defendant which, *inter alia*, seeks to enjoin

Defendant's foreclosure sales on Defendant's real estate, pledged as collateral to Defendant on

a defaulted loan, scheduled for June 7, 2016. Defendant files this Bench Brief to present legal

authorities prohibiting Plaintiff's claim for equitable relief.

Plaintiff has absolutely no right to enjoin Defendant's foreclosure sale for several

reasons. The most important reason that injunctive relief is inappropriate is because Plaintiff

has not tendered payment of its debt to Defendant.

O.C.G.A. § 23-1-10 provides:

He who would have equity must do equity and must give effect to all equitable
rights of the other party respecting the subject matter of the action.

The power to grant injunctive relief is limited and should be granted only in "clear and

urgent cases," as set forth in O.C.G.A. § 9-5-8:

The granting and continuing of injunctions shall always rest in the sound
discretion of the judge, according to the circumstances of each case. This
power shall be prudently and cautiously exercised and, except in clear and

urgent cases, should not be resorted to.

Georgia courts have long held that it is axiomatic that in order to invoke equity a party must do equity and therefore a party seeking to enjoin a foreclosure must tender the amounts due and owing to the creditor to obtain an injunction.  Stewart v. Suntrust Mortg., Inc., 331 Ga. App. 635, 640, 770 S.E.2d 892 (2015) (dismissal of action for injunctive relief upheld where debtor was in default and made no tender).  Failing to tender the amounts owed on a debt is only permissible under limited circumstances, and excuses including poverty, creditor failure to follow proper foreclosure procedures, and disagreements regarding the amounts owed do not obviate the tender requirement.  See  Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Cmty. Trust, 298 Ga. 221, 237, 780 S.E.2d 311, 325 (2015) (limited circumstances excuse tender); Sparra v. Deutsche Bank Nat. Trust Co., ___ Ga. App. ___, 785 S.E.2d 78 (2016) (admitted failure to make payment not excused even though such failure was allegedly induced by lender);  Brevard Federal Sav. & Loan Ass'n v. Ford Mountain Investments, 261 Ga. 619, 620, 409 S.E.2d 36 (1991) (dispute over amount owed did not permit court to deny creditor's request to dissolve injunction in light of debtor's default).

Moreover, it is error to grant a requested injunction where a debtor refuses to tender the amounts admittedly due to a creditor notwithstanding a debtor's allegation that the creditor breached some independent covenant to debtor.  Wright v. Intercounty Properties, Ltd., 238 Ga. 492, 493,  233 S.E.2d 160 (1977) (debtor not entitled to injunction after refusing to tender).  It is also error to grant an injunction without an actual tender by the debtor, and a court order requiring payment into the court's registry, without more, does not constitute tender.  P. B. R. Enterprises, Inc. v. Perren, 243 Ga. 280, 283, 253 S.E.2d 765 (1979) (failure to actually tender warrants reversal of grant of injunction).

As established by judgment entered on May 10, 2016, in Civil Action No.

SC14CV1012, State Court of Muscogee County, the balance owing by Plaintiff to Defendant

on this debt is $5,991,144.68. Plaintiff has not tendered this sum admittedly due, and thus is

not entitled to injunctive relief to stop the foreclosure sales.

This 6th day of June, 2016.

STOKES CARMICHAEL & ERNST LLP

By: _William Carmichael_

80 Peachtree Park Drive
Atlanta, GA  30309-1320
Tel:   (404) 352-1465
Fax:   (404) 352-8463
SCE File #15-03661
wkc@scelaw.com
tvk@scelaw.com

William K. Carmichael
(GA Bar No. 110600)
Thomas V. Keough
(GA Bar No. 415745)
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2016, I served the foregoing Defendant's Bench Brief Opposing Injunctive Relief by hand delivery in open court upon counsel for Plaintiff.

This 6th day of June, 2016.

William K. Carmichael

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RESTORATION MINISTRIES A.T.M., INC., M. STEPHEN MCGILL, SR. and TERESA Y. MCGILL <br><br> **Plaintiff,** <br><br> v. <br><br> CAPITOL CITY BANK & TRUST COMPANY, individually and severally, FIRST CITIZENS BANK & TRUST COMPANY <br><br> **Defendants.** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

CIVIL ACTION FILE
NO. SU16CZ1651-68

ORDER

Plaintiff having made application for an interlocutory injunction in this cause and a hearing having been had on said application, and it appearing to the Court that the Plaintiff has met its burden and shown that:

i)   there is a substantial threat of irreparable harm to the Plaintiffs if its Real Property is foreclosed on as Plaintiff will not be adequately compensated by money damages, and

ii)   the threatened harm to the Plaintiff outweighs any possible injury to the Defendants Capitol City Bank & Trust Company and First-Citizens Bank & Trust Company in that they will merely face a delay in exercising their rights to the Plaintiffs' Real Property and will continue to accrue interest and have such Property protected by the Plaintiffs,

It is thus hereby ordered that:

i) Defendants Capitol City Bank & Trust Company and First-Citizens Bank & Trust Company and their agents are enjoined from foreclosing on the Plaintiff's Real Property in Muscogee County, Georgia on June 7, 2016, and may not commence any foreclosure action, including, but not limited to, advertising such Real Property for sale until the expiration of this injunction as provided below;

ii) As a condition of the grant of this injunction Plaintiffs must deliver to Defendant First-Citizens Bank & Trust Company no later than 12:00 P.M. on June 13, 2016 a Certificate of

Insurance insuring all said Real Property for the fair market value thereof.  Such certificate will list First-Citizens Bank & Trust Company as a beneficiary as its interest may appear,

iii) Upon consideration of the evidence produced at such hearing Plaintiffs are not required to post any bond or other surety other than the insurance as provided above, and

iv) This injunction will remain in place until the earlier of June 28, 2016 or on June 13, 2016 at 12:00 p.m. if Plaintiffs fail to timely comply with the condition set forth in Paragraph ii) above.

This the 8th _____ day of June, 2016

Judge, Superior Court
Muscogee County, Georgia